# IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| 1.  YULISA RODAS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. |
| | ) |
| 1. MDOW INSURANCE COMPANY, | ) |
| A Foreign For Profit Insurance | ) |
| Corporation, | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT

### A.  Parties

1. Plaintiff,  Yulisa Rodas, is a citizen of the State of Oklahoma.

2. Defendant, MDOW Insurance Company, is a foreign for-profit insurance corporation incorporated and organized under the laws of the State of Texas.

3. The principal place of business for Defendant, MDOW Insurance Company, is Houston, Texas.

4. The Defendant, MDOW Insurance Company, is licensed to conduct business in the state of Oklahoma and may be served with process through the Oklahoma Department of Insurance.

5. This action is not related to any other case filed in this court.

### B. Jurisdiction

6. The court has jurisdiction over this matter pursuant to 28 U.S.C. §1332

because there is diversity between the parties and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

### C. Facts

7. At all times material hereto the Plaintiff, Yulisa Rodas, owned a home located at 828 Plaza Drive, in Moore, Oklahoma.

8. On or about May 20, 2013, Plaintiff's home and personal property were damaged as the result of a tornado, high winds, and wind driven debris impacts.

9. At all times material hereto, the Plaintiff, Yulisa Rodas, was insured under the terms and conditions of homeowners insurance policy, policy number OKP_H108847, issued by the Defendant, MDOW Insurance Company.

10. At all times material hereto, Plaintiff, Yulisa Rodas, complied with the terms and conditions of her insurance policy.

11. Wind and tornado damage are covered perils not otherwise excluded pursuant to the terms and conditions of the policy issued by the Defendant, MDOW Insurance Company.

### D. Count I: Breach of Contract

12. Plaintiff, Yulisa Rodas, hereby asserts, alleges and incorporates paragraphs 1-11 herein.

13. The property insurance policy number OKP_H108847, issued by Defendant, MDOW Insurance Company, was in effect on May 20, 2013.

14. The acts and omissions of Defendant, MDOW Insurance Company, in the investigation, evaluation and payment of Plaintiff's claim were unreasonable and constitute a breach of contract for which contractual damages are hereby sought. Defendant's breach of contract includes, but is not limited to, an improper investigation and adjustment of Plaintiff's claim which resulted in an improper payment and denial of coverage for covered damages to Plaintiff's home and personal property. Defendant MDOW Insurance Company's unreasonable breach of contract resulted in the Plaintiff being paid less than what she is owed under her policy for the damages to her home and personal property.

### E. Count II: Bad Faith

15. Plaintiff, Yulisa Rodas, hereby asserts, alleges and incorporates paragraphs 1-14 herein.

16. The acts and omissions of the Defendant, MDOW Insurance Company, in the investigation, evaluation and payment of Plaintiff's claim were unreasonable and constitute bad faith for which bad faith and extra-contractual damages are hereby sought.

17. Defendant MDOW Insurance Company's unreasonable and bad faith actions include, but are not limited to, its willful and unreasonable failure to adequately adjust Plaintiff's loss. Defendant, MDOW Insurance Company, unreasonably refused to acknowledge obvious damage to Plaintiff's roof and water damaged

dining room floor. Plaintiff, Yulisa Rodas, submitted proof of damage to her roof and asked the Defendant about the damages to her roof. Defendant, MDOW Insurance Company, unreasonably refused to acknowledge the obvious damage to Plaintiff's roof and insisted that there was no damage to Plaintiff's roof. Defendant unreasonably denied payment for Plaintiff's roof even though the damages were obvious had Defendant, MDOW Insurance Company, undertaken a proper inspection of Plaintiff's roof.

18. Defendant, MDOW Insurance Company, also acted unreasonably and in bad faith by averring to Plaintiff that damages to Plaintiff's personal property from water intrusion were not covered under the policy. These assertions were made to Plaintiff when the Defendant knew that they were not true and that personal property is covered under the terms and conditions of Plaintiff's insurance policy.

19. Defendant, MDOW Insurance Company, acted unreasonably, outside of insurance industry standards and breached its contract in bad faith for failing to reasonably and properly adjust and issue claim payments to the Plaintiff, Yulisa Rodas, for covered damages to her property.

20. Defendant, MDOW Insurance Company, acted unreasonably, outside of insurance industry standards and breached its contract in bad faith by failing to adopt, implement and/or otherwise follow good faith claims handling guidelines regarding communication, investigation, evaluation and timely payment of first

party claims.

## F. Count III: Fraud and Misrepresentation

21.    Plaintiff, Yulisa Rodas, hereby asserts, alleges and incorporates paragraphs 1-20 herein.

22.    During the adjustment of the claim which forms the basis of this action, the Defendant, MDOW Insurance Company, fraudulently averred to Plaintiff that: (1) that Defendant had inspected the Plaintiff's roof and that said roof was not damaged by the May 20, 2013 tornado and/or affiliated high winds; (2) her policy afforded no coverage for certain items of personal property.

23.    Defendant, MDOW Insurance Company, entirely failed to inspect Plaintiff's roof and subsequently averred to Plaintiff that her roof was undamaged. Alternatively, Defendant, MDOW Insurance Company, inspected Plaintiff's roof, chose to ignore damage which would be obvious to any competent insurance adjuster, and subsequently averred to Plaintiff that her roof was undamaged. At the time that the Defendant, MDOW Insurance Company, made these representations to Plaintiff, it was aware of their falsity, or in the alternative, made these assertions recklessly, without any regard as to their truthfulness.

24.    The Defendant, MDOW Insurance Company, made these representations to Plaintiff with the intention that the Plaintiff, Yulisa Rodas, would rely upon them.

25.    The Plaintiff, Yulisa Rodas, did in fact detrimentally rely on the

representations made by Defendant, MDOW Insurance Company.

26.   As a result of Plaintiff's reliance on the representations made by Defendant, MDOW Insurance Company, the Plaintiff, Yulisa Rodas, has sustained legally cognizable injuries, including but not limited to monetary losses, contract damages and extra-contractual damages.

### G. Punitive Damages

27.   Plaintiff, Yulisa Rodas, hereby asserts, alleges and incorporates paragraphs 1-26 herein.

28.   The unreasonable conduct of the Defendant, MDOW Insurance Company, in the handling of Plaintiff's claim was intentional, willful, wanton and was committed with a reckless disregard for the rights of the Plaintiff for which punitive damages are hereby sought.

### H. Demand for Jury Trial

29.   Plaintiff, Yulisa Rodas, hereby request that the matters set forth herein be determined by a jury of her peers.

### I. Prayer

30.   Having properly pled, Plaintiff, Yulisa Rodas, hereby seeks contractual, bad faith, fraud, and punitive damages against the Defendant, MDOW Insurance Company, all in an amount in excess of $75,000.00; including costs, interest and attorney fees.

Respectfully submitted,

S/ *Michael D. McGrew*
Michael D. McGrew, OBA# 013167
Michael D. McGrew & Associates, PC
400 N. Walker, Suite 115
Oklahoma City, Oklahoma 73102
(405) 235-9909 Telephone
(405) 235-9929 Facsimile
mcgrewslaw@yahoo.com
**ATTORNEYS FOR THE PLAINTIFFS**